IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYLAND TO, | ) No. C 08-4113 JSW (PR) |
| Petitioner, | ) |
| vs. | ) **ORDER OF DISMISSAL** |
| B. CURRY, Warden, | ) |
| Respondent. | ) |

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the decision on February 13, 2007, by the Board of Parole Hearings ("Board") to grant parole. The petition does not challenge the validity of the underlying conviction.

Respondent has informed the Court that Petitioner was released on parole on July 28, 2009, and has moved to dismiss the petition as moot. *See* Docket Nos. 3,4. Petitioner has not responded. The Court has confirmed with the California Department of Corrections and Rehabilitation that Petitioner was released on that date to parole supervision.

The habeas petition is therefore moot. *See Burnett v. Lampert,* 432 F.3d 996, 999-1000 (9th Cir. 2005); *Fendler v. United States Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988); *Kendall v. Klinger*, 383 F.2d 436 (9th Cir. 1967). The possibility of parole revocation does not present a situation which is "'capable of repetition, yet evading

review'" such that the doctrine of mootness may not apply. *Brady v. United States Parole Comm'n*, 600 F.2d 234, 236 (9th Cir.1979) (citations omitted). That the relief petitioner seeks may result in the possible earlier termination of parole supervision does not circumvent mootness. *See Fendler*, 846 F.2d at 555.

Moreover, the petition is also dismissed based on Petitioner's failure to comply with Northern District Local Rule 3-11(a) by informing the Court of his change of address. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal with prejudice of pro se prisoner's complaint for failing to notify court of his change of address despite local rule providing that case be dismissed without prejudice because any lesser sanction would impose affirmative obligation for district courts to track down pro se prisoners).

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed as moot and for failure to inform the Court of Petitioner's change of address.

IT IS SO ORDERED.

DATED: March 8, 2010

JEFFREY S. WHITE
United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

WAYLAND TO,

        Plaintiff,

 v.

BEN CURRY et al,

        Defendant.
                               /

Case Number: CV08-04113 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wayland To D48864
P.O. Box 689
(Z-212U)
Soledad, CA 93960-0689

Dated: March 8, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk